JANET MARIE CARLSON, APPELLANT, V. MORRIS F. WADDLE,
APPELLEE.
392 N.W.2d 777

Filed August 22, 1986.   No. 85-517.

John W. Steele of Schumacher & Gilroy, for appellant.

Simon Lantzy of Lantzy & Parsons, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The plaintiff, Janet Marie Carlson, was a guest passenger in an automobile operated by the defendant, Morris F. Waddle, on March 8, 1984, when the automobile left Highway 43 near the Firth corner and struck a guardrail. The automobile eventually landed on its left side. The plaintiff was severely injured in the accident and brought this action to recover damages for her injuries.

After the case was at issue, the defendant moved for summary judgment. The motion was heard upon the pleadings and depositions. The plaintiff offered no evidence in resistance to the motion. The trial court sustained the motion and entered judgment in favor of the defendant. The plaintiff has now appealed.

Since the plaintiff is a daughter of the defendant, the guest statute, Neb. Rev. Stat. § 39-6,191 (Reissue 1984), is applicable. Under the guest statute the defendant is not liable to the plaintiff unless the accident was caused by the defendant's being under the influence of intoxicating liquor or by his gross negligence.

The amended petition, filed February 25, 1985, alleged that the proximate cause of the accident was the gross negligence of the defendant in the following particulars:

> a. In failing to properly maintain the vehicle;
>
> b. In failing to keep a proper lookout;
>
> c. In failing to maintain reasonable control of the vehicle; and
>
> d. In failing to take corrective or preventive action when he experienced difficulty in controlling the vehicle.

Summary judgment should be granted to the moving party where there is no genuine issue as to any material fact or as to

the ultimate inferences to be drawn therefrom and the moving party is entitled to judgment as a matter of law. *Mayer v. Howard*, 220 Neb. 328, 370 N.W.2d 93 (1985).

In considering a motion for summary judgment, the evidence is to be viewed most favorably to the party against whom the motion is directed, giving to that party the benefit of all the favorable inferences which may reasonably be drawn from the evidence. *Gall v. Great Western Sugar Co.*, 219 Neb. 354, 363 N.W.2d 373 (1985).

The party moving for summary judgment has the burden of showing that no genuine issue as to any material fact exists; that party must therefore produce enough evidence to demonstrate his entitlement to a judgment if the evidence remains uncontroverted, after which the burden of producing contrary evidence shifts to the party opposing the motion. *Gall v. Great Western Sugar Co., supra.*

The accident happened on the morning of March 8, 1984, while the defendant was driving from Falls City, Nebraska, to Lincoln, Nebraska, in his 1981 Buick Skylark automobile. At the time of the accident the plaintiff was asleep. The only evidence as to how the accident happened is the testimony of the defendant.

According to the defendant, he noticed some vibration in the steering wheel before he left Falls City. However, there seemed to be nothing wrong when he backed out of his driveway. He was proceeding north on Highway 43 before he noticed any problem. On two occasions the automobile pulled to the left, but he was able to correct the difficulty and continued on toward Lincoln. The third time the automobile pulled to the left, he was unable to turn the steering wheel back to the right. The automobile struck a guardrail and finally came to rest on its left side. No other vehicles were involved in the accident.

The automobile had been purchased as a used automobile in 1983. In February the defendant had experienced difficulty with the steering and, on February 29, 1984, took it to Edde Motors, a Buick dealer, to be repaired. According to the defendant, the automobile did not steer "right left" but steered "all right right."

The service department at Edde Motors diagnosed the

problem as being in the "rack and pinion steering mechanism." According to one of the mechanics who worked on the automobile, it was a problem· common to that model automobile. When the automobile was cold in the morning, it would steer hard because "the rack and pinion is bypassing on the inside." The repair consisted of removing the mechanism from the automobile and installing a "short gear," furnished by General Motors. The repairs were completed under warranty by Saturday, March 3, 1984, and the automobile returned to the defendant. The front wheels of the automobile still needed to be realigned. Since Edde Motors did not do alignment work, the service department made an appointment with Harmon's Auto shop to perform the alignment. The defendant did not keep the appointment.

On March 6, 1984, the defendant's daughter and Roger Walters, her boyfriend, and the defendant's wife drove the automobile to Lincoln, Nebraska, and back to Falls City. On the trip back to Falls City, some difficulty was experienced in that on occasion the automobile would pull to the left. No further repairs were made, and the front wheels were not realigned before the accident on March 8, 1984.

Gross negligence within the meaning of the guest statute is great or excessive negligence, or negligence in a very high degree. It indicates the absence of even slight care in the performance of a duty. *Cronin v. Swett*, 157 Neb. 662, 61 N.W.2d 219 (1953). There was no evidence before the trial court which would support a finding of gross negligence on the part of the defendant.

With respect to the plaintiff's first specification of gross negligence, there is no evidence of gross negligence in failing to maintain the vehicle. The defendant had taken the automobile in to be repaired approximately 10 days before the accident, and it had been repaired under warranty. Although the front wheels needed to be realigned, there is no evidence that the accident was caused by improper alignment.

There is no evidence to sustain the specification of failure to keep a proper lookout.

There is no evidence to sustain a finding of gross negligence in failing to maintain reasonable control of the vehicle. The

evidence is that the defendant was unable to steer the automobile back to the right after it pulled to the left for the third time. It was this sudden and unforeseen difficulty with the steering mechanism which caused the accident.

With respect to the fourth specification of gross negligence, the evidence is that the defendant attempted to steer the automobile to the right but was unable to turn the steering wheel, using both hands. There is no evidence to sustain an allegation of gross negligence in failing to take corrective action after the automobile pulled to the left for the third time.

The plaintiff argues that the fact the defendant did not slow down after the automobile pulled to the left twice just before the accident happened demonstrates that there was a genuine issue of material fact as to the existence of gross negligence. That circumstance must be considered in the light of what had happened before, the defendant's efforts to have the car repaired and the ability of the driver to overcome the pull to the left on every prior occasion when that had happened. If the defendant assumed that the pull to the left was due to a defect in the road or the fact that the front wheels needed to be realigned, that was not evidence of gross negligence. It was not necessarily indicative of a serious problem in the power steering mechanism of the automobile.

As we view the record, the defendant carried his burden of showing there was no genuine issue of material fact, and the defendant was entitled to judgment as a matter of law.

The judgment of the district court is affirmed.

AFFIRMED.