GLORIA SUNDEEN, APPELLANT, V. GLADYS LEHENBAUER, APPELLEE.

428 N.W.2d 629

Filed September 9, 1988.   No. 86-1020.

Alan L. Plessman for appellant.

William D. Sutter, of Barlow, Johnson, DeMars & Flodman, for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and SPRAGUE and THOMPSON, D. JJ.

SPRAGUE, D.J.

This action arose out of an automobile accident near the intersection of 66th and P Streets in Lincoln, Nebraska. During the course of the trial, the testimony of five medical witnesses of the plaintiff was adduced through videotape depositions.

After all the evidence was submitted, plaintiff moved for a directed verdict on the issue of liability. The motion was overruled. The defendant then moved for an order prohibiting plaintiff's counsel from presenting to the jury, as part of his

closing argument, portions of the videotape depositions of the five medical witnesses. The trial court sustained defendant's motion and ruled that the videotapes could not be shown. The court further ruled that neither party could, during closing argument, read portions of written transcripts of any deposition of witnesses.

The jury returned a verdict in favor of the plaintiff in the amount of $6,800.

The plaintiff has appealed. The plaintiff makes the following assignments of error: (1) The district court committed reversible error in overruling plaintiff's motion for a directed verdict; (2) the district court committed reversible error in ordering that plaintiff's counsel not show to the jury, during his closing argument, any portion of the videotape depositions which had been played to the jury during the trial; and (3) the district court committed reversible error in ordering that neither party's counsel could, during his closing argument, read portions of the written transcripts of any depositions of witnesses.

A review of the record confirms the decision of the trial judge to submit the question of liability. An examination of the evidence indicates a jury could have found that the plaintiff did not maintain a proper lookout, used her turn signal in a misleading manner, and was contributorily negligent. A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *Stephen v. City of Lincoln*, 209 Neb. 792, 311 N.W.2d 889 (1981).

To what degree the trial judge may restrict the use of videotape depositions in final argument is a matter this court has never specifically addressed. The employment of videotape in the courtroom is becoming more and more prevalent. The potential uses of videotape are limited only by the imagination of the producer. The potential abuses of videotape are limited only by the supervision of the trial judge.

This court chooses to apply the general rule that conduct of final argument is within the sound discretion of the trial court, and absent abuse of that discretion, the trial court's ruling regarding final argument will not be disturbed. *State v. Reeves*,

216 Neb. 206, 344 N.W.2d 433 (1984). There was no abuse of discretion shown in this case. To the contrary, to allow playback of the medical testimony during summation could well have been prejudicial. The proposed use would have been tantamount to calling a witness to the stand in the middle of final argument.

The above rule of law applies equally to plaintiff's third assignment of error. We find that it was within the sound discretion of the trial judge to limit the reading of portions of depositions of witnesses.

AFFIRMED.