GARY SMITH, APPELLANT, V. BUTLER MANUFACTURING COMPANY, AND RANCH & FARM AGRICULTURAL SYSTEMS, INC., APPELLEES.

433 N.W.2d 493

Filed December 30, 1988.   No. 87-142.

William A. Francis, of Cunningham, Blackburn, Livingston, Francis, Cote, Brock & Cunningham, and O. William VonSeggern, of Grimminger & VonSeggern, for appellant.

Roger G. Steele, of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee Butler Manufacturing.

George H. Moyer, Jr., of Moyer, Moyer, Egley & Fullner, for appellee Ranch & Farm.

BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and JAMES MURPHY, D.J.

WHITE, J.

This is an appeal from a decision of the district court for Howard County, granting the defendants' motion for a directed verdict. The motion was made at the close of the plaintiff's case.

A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *Sundeen v. Lehenbauer*, 229 Neb. 727, 428 N.W.2d 629 (1988). The party against whom the verdict is directed is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can reasonably be drawn from the evidence. If there is any evidence which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. *Carnes v. Weesner*, 229

Neb. 641, 428 N.W.2d 493 (1988).

There are two defendants involved in this action: Ranch & Farm Agricultural Systems, Inc. (Ranch & Farm), and Butler Manufacturing Company (Butler). Ranch & Farm sold a metal hog confinement building to the appellant, Gary Smith. This building was manufactured by Butler. The building was erected on Smith's farm by Ranch & Farm in December of 1976. Smith began to use this building in December of 1976, and by May of 1977 the building was being fully utilized.

The appellant began to experience problems with drafts inside the building and scours in his pigs in 1977. In February of 1977, Eldon Breiner, who used to be a Butler dealer, came out to the Smith farm to consult with the appellant regarding a liquid manure spreader. While he was at the farm Breiner mentioned that it did not look as if the hog confinement building had been sprayed with Gilsonite, a rust inhibitor. Breiner then suggested that Smith paint the red iron portion of the building with Gilsonite. Smith never used Gilsonite, and the building soon began to show significant rust and deterioration.

Butler published a policy guide stating recommendations to be followed in the construction of hog confinement buildings. The guide stated that the insulation was to be installed inside the structural steel as a barrier between the steel and the air inside the hog building to prevent rusting of the structural steel. The guide also said that the exposed metal should be painted with Gilsonite to inhibit rust. The evidence shows that Ranch & Farm did not install the insulation as recommended and did not paint the exposed metal with Gilsonite.

The hog building was ventilated by a system of fans, shutters, and heaters which were thermostatically controlled. This system was manufactured by Jamesway Ventilation Systems, a division of Butler. Jamesway gave Smith instructions regarding the thermostat temperature settings to be used in operating the ventilation system. During the first winter of full operation, in December of 1977, the appellant began to experience problems with the ventilation system. The appellant tried to combat his problems with the heating and ventilation system by making the recommended adjustments for seasonal changes. After making the changes, however, the problems of

moisture and difficulty in heating persisted.

Finally, after consulting with his veterinarian but not with Ranch & Farm or Butler, the appellant installed larger heaters and used temperature settings that were not recommended by Jamesway. The problems of moisture, drafts, and rust continued through 1981. Finally, the appellant abandoned the hog building in November of 1981.

The appellant alleges two causes of action. First, he contends that the appellees breached express warranties made to him when he contracted for the construction of the hog confinement building. Second, the appellant alleges that both Butler and Ranch & Farm are liable in negligence for their design and construction of the building.

As to the cause of action based on breach of warranty, we hold the claim is barred by the statute of limitations. Neb. Rev. Stat. § 25-223 (Reissue 1985) provides the applicable statute of limitations for actions on breach of warranty on improvements to real property. Section 25-223 provides in part:

> Any action to recover damages based on any alleged breach of warranty on improvements to real property or based on any alleged deficiency in the design, planning, supervision, or observation of construction, or construction of an improvement to real property shall be commenced within four years after any alleged act or omission constituting such breach of warranty or deficiency.

In February of 1977, Breiner came to the Smith farm, told the appellant that the exposed metal had not been painted with Gilsonite, and suggested that the appellant do so to prevent severe rusting. No suit was instituted until April of 1981. The appellant was aware of a defect in February of 1977. A cause of action accrues, and the statute of limitations begins to run, when there has been discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery. *Georgetowne Ltd. Part. v. Geotechnical Servs., ante* p. 22, 430 N.W.2d 34 (1988); *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979). Here, the appellant knew in February

of 1977 that there were defects in the construction of the building; therefore, the statute of limitations began to run in February of 1977, and, as no action was filed until April of 1981, the appellant's cause of action for a breach of warranty is barred by § 25-223. Accordingly, the district court was correct in directing a verdict on the breach of warranty cause of action.

The appellant next contends that both Ranch & Farm and Butler were negligent. Specifically, the appellant argues that Ranch & Farm was negligent in its construction of the building, and the improper construction caused damage to the structure and the resultant demise of a number of appellant's hogs. The appellant argues that Butler is vicariously liable for the negligent construction of the hog building, as Ranch & Farm was a "duly authorized agent" of Butler.

The appellant's claim against Butler is without merit. In *Herman v. Bonanza Bldgs., Inc.*, 223 Neb. 474, 390 N.W.2d 536 (1986), we held on very similar facts that a manufacturer was not liable as principal for any negligence for which the contractor may have been liable. In *Herman*, we reiterated:

> The factors to be considered in determining whether one acting for another is an agent or independent contractor are, among other things, (1) the extent of control which, by the agreement, the employer may exercise over the details of the work, (2) whether the one employed is engaged in a distinct occupation or business, (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision, (4) the skill required in the particular occupation, (5) whether the employer or the one employed supplies the instrumentalities, tools, and the place of work for the person doing the work, (6) the length of time for which the one employed is engaged, (7) the method of payment, whether by the time or by the job, (8) whether the work is a part of the regular business of the employer, (9) whether the parties believe they are creating an agency relationship, and (10) whether the employer is or is not in business. *Erspamer Advertising Co. v. Dept. of Labor*, 214 Neb. 68, 333 N.W.2d 646 (1983). Although the control

or right of control is the chief factor to be considered, *Maricle v. Spiegel*, 213 Neb. 223, 329 N.W.2d 80 (1983), no one factor is conclusive, *Eden v. Spaulding*, 218 Neb. 799, 359 N.W.2d 758 (1984).

223 Neb. at 479-80, 390 N.W.2d at 541.

An examination of some of these factors shows that Ranch & Farm was not an agent of Butler. Butler exercised virtually no control over details in the construction of the hog confinement structure; Ranch & Farm is engaged in the business of contracting and constructing farm buildings, a business distinct from Butler's, which is that of manufacturing and designing the buildings; construction is an activity requiring special skill, and Butler did not attempt to exert direction or supervision over Ranch & Farm, other than issuing recommendations to be followed when constructing a building manufactured by Butler; and, finally, Ranch & Farm negotiated the contract, set its terms, and handled the billing of Smith.

In *Herman v. Bonanza Bldgs., Inc., supra* at 481, 390 N.W.2d at 542, we stated that "one who receives goods from another for resale to a third person is not thereby the other's agent unless his or her duty is to act primarily for the benefit of the one delivering the goods to him or her." *Reeves v. Associates Financial Services Co., Inc.*, 197 Neb. 107, 247 N.W.2d 434 (1976). In the present action, no evidence supports an assertion that Ranch & Farm acted primarily for the benefit of Butler. In fact, the evidence clearly establishes that Ranch & Farm was acting primarily for its own benefit. As in *Herman*, Ranch & Farm undertook to buy components from which to erect a building and sell an erected building for a set price. Merely because Ranch & Farm used a Butler brochure to make the sale does not alter the fact that the agreement from which this suit arose was between Ranch & Farm and Smith only. Because no agency relationship can be established, Butler is not liable for any alleged negligence of Ranch & Farm.

Only the claim of negligent construction on the part of Ranch & Farm remains. We must note that this would appear to be an action based on breach of a construction contract rather than an action in tort. However, whether pled in tort or contract, once again the applicable limitations period is found

in § 25-223. The statute states in relevant part, "Any action to recover damages . . . based on any alleged deficiency in . . . construction of an improvement to real property shall be commenced within four years . . . ." As discussed above under the breach of warranty theory, the appellant failed to file this action until 2 months after the limitations period expired. Since this action was not filed within the statutory time, it is barred by application of the statute of limitations.

The trial court correctly granted the appellees' motion for a directed verdict at the close of the appellant's case. We accordingly affirm.

AFFIRMED.