STATE OF NEBRASKA, APPELLEE, V. JAMES B. OWEN, APPELLANT.

580 N.W. 2d 566

Filed June 9, 1998.    No. A-97-890.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

SIEVERS, MUES, and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

James B. Owen appeals his conviction of obstruction of a peace officer, in violation of Neb. Rev. Stat. § 28-906 (Reissue 1995). For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

At the outset, we note that the instant case involved a jury trial and that Owen testified in his defense and also produced additional witnesses in his behalf. Consequently, there were differing versions of the events which led to Owen's being charged with obstruction of a peace officer presented to the jury. However, this court, in reviewing a conviction, is required to view the facts in the light most favorable to the State, and the facts as set forth herein reflect that rule. See, *State v. Soukharith*, 253 Neb. 310, 570 N.W.2d 344 (1997); *State v. Pierce*, 248 Neb. 536, 537 N.W.2d 323 (1995).

Shortly after 1 a.m. on October 20, 1996, Buffalo County Deputy Sheriff Scott Michael Snowardt was driving his marked

patrol cruiser when he observed two individuals, Jerry Owen and his girl friend, Angela Loebig, involved in what appeared to be a verbal and physical altercation in front of the Kool Tattoo Parlor located at 1904 Central Avenue in Kearney, Buffalo County, Nebraska. The parties were yelling at one another, and Jerry shoved Angela 8 to 10 feet into the southbound lane of traffic. At this point, Deputy Snowardt parked his cruiser, approached Jerry and Angela, and inquired as to what was happening. Jerry yelled at Deputy Snowardt that it was none of his business. Deputy Snowardt continued to attempt to elicit information from Jerry and Angela. At this time, Jerry's father, Owen, came out of a doorway on the west side of the building yelling at Jerry not to say anything to Deputy Snowardt. Because Deputy Snowardt was now confronted with three individuals, Angela; Jerry, who had a strong odor of alcohol on his breath and was being uncooperative; and Owen, who was yelling, the deputy radioed the Kearney Police Department for assistance.

At approximately 1:10 a.m., Officer Dennis Gene Byrne arrived on the scene. Officer Byrne began talking with Jerry and asked him for identification. Jerry provided a driver's license. While Officer Byrne was talking with Jerry, Owen was standing on the sidewalk. However, as the incident continued, Owen started advancing toward Officer Byrne to the point where Owen was approximately 1 to 1½ feet from the officer's left shoulder, yelling for Jerry not to talk to the officer. Officer Byrne directed Owen to return to the curb, but Owen did not comply. At this point, Jerry became verbally abusive toward Officer Byrne and Officer Byrne again directed Owen to return to the curb, but Owen still did not comply.

Jerry then lunged at Officer Byrne, attempting to grab his driver's license, and Officer Byrne advised Jerry that he was under arrest for disorderly conduct. Jerry resisted by pushing and pulling in an attempt to get away from Officer Byrne and attempting to knee him in the groin, so Deputy Snowardt assisted Officer Byrne in subduing Jerry. Deputy Snowardt grabbed Jerry's left arm for a second or two. However, at that point, Owen lunged forward and grabbed Officer Byrne's collar from behind and attempted to drag the officer backward.

Deputy Snowardt released Jerry's left arm to pull Owen off Officer Byrne. After Deputy Snowardt ordered Owen twice to let go and Owen failed to do so, the deputy informed Owen twice that he was under arrest and instructed him to stop resisting, but Owen did not comply. Finally, after Owen refused to get down on the ground after being instructed to do so, Deputy Snowardt wrestled Owen to the ground so that he could be handcuffed.

Owen was charged with obstructing a peace officer. A jury trial was held on February 11, 1997. After deliberations had begun, the jury submitted the following written question to the court: "What is the meaning of obstacle on #2 . . . on page 3? physical obstacle? physical presence between 2 people? or could it be a verbal obstacle?" The court responded with the following written statement: "The term obstacle as used in the statute refers to the impeding or hindering of a peace officer in any unlawful manner. It may be verbal or physical." Apparently unsatisfied with the court's response, the jury submitted a second written query to the court: "What is the meaning of verbal obstacle? Does distant [sic] from an officer make [a] difference before it is [a] verbal obstacle?" The court's written response stated, "The answer to your question is addressed in prior instructions. You must decide whether the state has met it's [sic] burden of proof or not." The jury deliberated further and returned a guilty verdict.

Owen was sentenced to 6 months' probation and ordered to complete 50 hours of community service, pay a $500 fine, and serve 30 days in the Buffalo County Detention Center. Owen appealed to the Buffalo County District Court, which affirmed his conviction and sentence. Owen then filed a timely appeal to this court.

## ASSIGNMENTS OF ERROR

Owen's four assigned errors on appeal can be consolidated into the following three issues: (1) The trial court erred in failing to instruct the jury, in response to its questions, that a physical act is necessary for a violation of § 28-906 to occur; (2) the trial court erred in failing to grant defense counsel's request to make additional oral argument to the jury after the court

responded to the jury's first question; and (3) the trial court erred in failing to confer with counsel before answering the jury's second question.

## STANDARD OF REVIEW

In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Soukharith*, 253 Neb. 310, 570 N.W.2d 344 (1997); *State v. Pierce*, 248 Neb. 536, 537 N.W.2d 323 (1995).

## DISCUSSION

*Court's Response to Jury's Questions.*

Owen argues that the trial court erred in failing to state, in response to the jury's questions, that a physical act is necessary for a violation of § 28-906 to occur. Stated another way, Owen contends that the court improperly instructed the jury that an obstacle, as the term is used in § 28-906, could be accomplished by verbal conduct alone.

All jury instructions given must be read together, and if taken as a whole they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal. *State v. White*, 249 Neb. 381, 543 N.W.2d 725 (1996); *State v. Mantich*, 249 Neb. 311, 543 N.W.2d 181 (1996); *State v. Neujahr*, 248 Neb. 965, 540 N.W.2d 566 (1995); *Nebraska Depository Inst. Guar. Corp. v. Stastny*, 243 Neb. 36, 497 N.W.2d 657 (1993).

Jury instruction No. 3 set forth, in pertinent part:

The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict [sic] the defendant of the crime charged are:

1. That the defendant intentionally obstructed, impaired, or hindered enforcement of the penal law or preservation of the peace by a peace officer acting under color of his or her official authority.

2. That such obstruction occurred as a result of the defendant using or threating [sic] to use violence, force, physical interference, or obstacle.

3. That such incident occurred in Buffalo County, Nebraska on or about October 20, 1996.

Additionally, the court's response to the jury's first query stated that "[t]he term obstacle as used in the statute refers to the impeding or hindering of a peace officer in any unlawful manner. It may be verbal or physical."

■ The criminal offense of obstruction of a peace officer is codified at § 28-906(1). Section 28-906(1) provides, in pertinent part:

A person commits the offense of obstructing a peace officer, when, by using or threatening to use violence, force, physical interference, or obstacle, he or she intentionally obstructs, impairs, or hinders (a) the enforcement of the penal law or the preservation of the peace by a peace officer or judge acting under color of his or her official authority . . . .

This statute was considered by the Nebraska Supreme Court in *State v. Yeutter*, 252 Neb. 857, 566 N.W.2d 387 (1997). In *Yeutter*, an officer requested that Yeutter provide him with information, such as Yeutter's name, date of birth, height, weight, et cetera, which the officer needed to fill out a citation. Yeutter refused to provide the requested information to the officer. The officer requested the information a second time, and again Yeutter refused to provide the information. The officer then attempted to arrest Yeutter for obstruction of a peace officer, which arrest was resisted by Yeutter. The Nebraska Supreme Court noted that Yeutter's arrest for obstructing a peace officer was an illegal arrest.

■ In considering the obstruction of a peace officer statute, the Nebraska Supreme Court stated:

The record does not reflect that at the time that [the officer] attempted to arrest Yeutter, Yeutter used or threatened to use violence or force or physically interfered with the officer. The record does reflect that Yeutter refused to answer routine questions necessary for the officer to complete a citation. However, the mere verbal refusal to pro-

vide information to an officer does not constitute an obstacle to the enforcement of the penal laws as contemplated by § 28-906.

*Yeutter*, 252 Neb. at 861-62, 566 N.W.2d at 391. There must be some sort of affirmative physical act, or threat thereof, for a violation of the statute to occur. See *Yeutter, supra.* Compare *In re Interest of Richter*, 226 Neb. 874, 415 N.W.2d 476 (1987) (running away from police constituted physical obstacle within meaning of § 28-906). Because in *Yeutter* there was only a refusal to provide information, not an affirmative physical act, or threat thereof, there was no violation of the obstruction of a peace officer statute.

In the instant case, Owen objects to the trial court's written response, which stated that "[t]he term obstacle as used in the statute refers to the impeding or hindering of a peace officer in any unlawful manner. It may be verbal or physical." It is clear from the language of § 28-906 that the statute may be violated by either verbal conduct (threat of violence, force, physical interference, or obstacle) or physical conduct (violence, force, physical interference, or obstacle). Consequently, the court's written response was an accurate statement of the law and was not misleading.

Without commenting upon, or determining whether, the evidence presented by the State in the instant case was sufficient to support a conviction of Owen for obstructing a peace officer based solely upon a verbal violation of § 28-906, we note that it is the function of the jury, not of this court, to sit as the trier of fact. In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Soukharith*, 253 Neb. 310, 570 N.W.2d 344 (1997); *State v. Pierce*, 248 Neb. 536, 537 N.W.2d 323 (1995). The evidence presented by the State in this case was sufficient, beyond a reasonable doubt, to support Owen's conviction for obstructing a peace officer, and thus we do not further invade the jury's province of its basis for the conviction.

In sum, because § 28-906(1) may be violated by the intentional use of violence, force, physical interference, or obstacle, or the threat thereof, the court's instruction to the jury correctly stated the law. Further, when all the jury instructions were read together, they adequately covered the law and were not misleading. Consequently, this assigned error is without merit.

*Denial of Request for Additional Oral Argument.*

Owen contends that the trial court erred in failing to allow defense counsel to make additional oral argument to the jury after the court responded to the jury's first question. Owen does not cite any law in support of his argument.

In considering Owen's argument, we deem relevant the general rule that conduct of final argument is within the discretion of the trial court, and a trial court's ruling regarding final argument will not be disturbed absent an abuse of that discretion. *Sundeen v. Lehenbauer*, 229 Neb. 727, 428 N.W.2d 629 (1988) (court did not abuse its discretion by refusing to allow use of videotaped depositions during closing arguments and in limiting reading of portions of depositions during closing arguments); *Dowd v. Conroy*, 1 Neb. App. 230, 491 N.W.2d 375 (1992) (court did not abuse its discretion in admonishing jury in open court to disregard portion of plaintiff's closing argument referring to formula for assessing damages for pain and suffering); *Bailey v. AMISUB*, 1 Neb. App. 56, 489 N.W.2d 323 (1992) (defendant's claim that plaintiff's counsel made prejudicial statements during rebuttal portion of closing arguments reviewed pursuant to abuse of discretion standard). Although our independent research has not uncovered a case with the same factual situation present in the instant case, i.e., a request for additional oral argument made after the jury had begun deliberations, it would appear that the abuse of discretion standard should also be applied in this instance.

A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Severin*, 250 Neb. 841, 553 N.W.2d 452 (1996).

The record before this court establishes that prior to responding to the jury's first query, the court consulted the counsel for

both sides and gave them the opportunity to make arguments regarding the court's proposed response. Defense counsel requested an additional 5 minutes for each side to give oral arguments concerning the new instruction, which request was denied by the court. The trial court's denial of Owen's request for additional oral argument after the jury had begun deliberations did not deprive Owen of a substantial right or a just result and did not constitute an abuse of discretion by the trial judge. Thus, this assignment of error is without merit.

*Trial Court's Failure to Confer With Counsel*
*Before Answering Jury's Second Question.*

Owen's final assignment of error is that the trial court erred in failing to confer with counsel before answering the jury's second question. Sometime during the course of the jury's deliberation, the foreman sent to the trial judge the following inquiry: "What is the meaning of verbal obstacle? Does distant [sic] from an officer make [a] difference before it is [a] verbal obstacle?" The court's written response to the jury stated that "[t]he answer to your question is addressed in prior instructions. You must decide whether the state has met it's [sic] burden of proof or not."

Pursuant to Neb. Rev. Stat. § 25-1116 (Reissue 1995), if a jury has retired for deliberation and desires information as to

> any part of the law arising in the case, they may request the officer to conduct them to the court where the information upon the point of law shall be given, and the court may give its recollection as to the testimony on the point in dispute in the presence of or after notice to the parties or their counsel.

When it becomes necessary for the trial court to give further instructions to a jury during deliberations, the proper practice is to call the jury into open court and to give any additional instructions in writing in the presence of the parties or their counsel. *Nebraska Depository Inst. Guar. Corp. v. Stastny*, 243 Neb. 36, 497 N.W.2d 657 (1993); *In re Estate of Corbett*, 211 Neb. 335, 318 N.W.2d 720 (1982); *Breiner v. Olson*, 195 Neb. 120, 237 N.W.2d 118 (1975). However, even though it is error for the trial court to give an instruction to a jury after it has

retired to deliberate out of the presence of the parties and their counsel, if it clearly appears that prejudice did not and could not flow therefrom, then the error is without prejudice and is not grounds for reversal. *Brodersen v. Traders Ins. Co.*, 246 Neb. 688, 523 N.W.2d 24 (1994); *In re Estate of Corbett, supra*; *Breiner v. Olson, supra.*

The trial judge's written response to the jury's second question did not further instruct the jury but responded that the jury's questions could be answered by rereading the prior instructions and did not add anything to the instructions which had already been given. Consequently, it is apparent that no prejudice could have resulted to Owen therefrom, and this assigned error is without merit.

## CONCLUSION

For the reasons previously set forth, we affirm the decision of the Buffalo County District Court which affirmed Owen's conviction and sentence.

AFFIRMED.