MAE E. McCLYMONT, APPELLANT, V. LLOYD A. MORGAN, APPELLEE.

470 N.W.2d 768

Filed June 14, 1991.   No. 89-352.

Daniel L. Lindstrom, of Jacobsen, Orr, Nelson, Wright & Harder, P.C., for appellant.

Graten D. Beavers, of Knapp, Mues, Beavers & Luther, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Mae E. McClymont appeals from a jury verdict in the amount of $75,000 rendered in favor of Lloyd A. Morgan, the defendant, on his counterclaim. Plaintiff McClymont assigns as error generally the judgment in favor of defendant, the failure of the trial court to direct a verdict in favor of the plaintiff, and the failure to give plaintiff's proposed instruction on the sudden emergency doctrine. We affirm.

This lawsuit arose out of an automobile accident which occurred on March 1, 1987, on Highway 44 at its intersection with River Road one-half mile south of Kearney, in Kearney County. Highway 44 runs north and south. River Road comes from the west and makes a T-intersection with the highway. On the east side of the highway is a driveway.

The plaintiff was driving her automobile north on the highway. The defendant was driving his vehicle south. According to the plaintiff, she observed the vehicle driven by Morgan suddenly swerve into her lane of travel with his left turn signal on. In an attempt to avoid an accident with Morgan, McClymont swerved her vehicle to the left, but was unable to avoid a collision. The vehicles collided near the center of the roadway, with the point of impact being approximately 6 inches west of the centerline in Morgan's lane of travel.

Also present at this intersection, heading south and in the

process of making a right-hand turn onto River Road, was a pickup truck towing a boat and driven by Dick Skiles. Morgan, who testified by way of deposition because of his illness, said that as he approached the Skiles truck, which was partially on the shoulder, he pulled his vehicle into the lane occupied by McClymont in order to pass the truck. He said that as he started to pass the truck and boat, the boat was sticking out from the shoulder onto the roadway approximately 2 feet. He admitted that he did not see the McClymont vehicle until he began crossing back into the southbound lane and that there was no reason why he could not have seen it earlier, and also acknowledged that he gave a left-hand turn signal as he passed the pickup and boat.

Skiles, the driver of the pickup that was turning west onto River Road, testified that immediately prior to the accident he was approximately 150 yards from the intersection and he pulled onto the shoulder of the road. He said when the Morgan vehicle passed his pickup, his pickup and boat were completely on the shoulder of the road and the Morgan vehicle remained completely in the southbound lane.

The passenger in the Skiles pickup, Larry Trompke, testified that he heard a car horn honk as they were on the shoulder of the road. Trompke saw the Morgan vehicle pass the pickup and saw the McClymont vehicle, which he thought to be making a left turn onto River Road before the collision. Trompke, like Skiles, testified that no portion of the Morgan vehicle went into the northbound lane as it was passing the pickup.

The officer who investigated the accident testified that the point of impact was approximately 6 inches west of the centerline of the highway.

Richard Large, a consulting engineer and accident reconstructionist, opined that the Morgan vehicle was totally in the northbound lane just prior to the time of impact for approximately six-tenths of a second.

Generally, the plaintiff's first three assignments of error can be summarized as claiming that the court erred in failing to grant her motions for directed verdict on her operative petition and on the counterclaim of the defendant, which motions were made at the close of all the evidence.

A directed verdict is proper only where reasonable minds cannot differ and can draw but one conclusion from the evidence. A trial court should direct a verdict as a matter of law only when the facts are conceded or undisputed. *Youngs v. Potter*, 237 Neb. 583, 467 N.W.2d 49 (1991).

Suffice it to say, the evidence supported a conclusion that the accident occurred completely on the defendant's side of the highway and that defendant never did cross the centerline. There was sufficient evidence to support the jury's verdict.

A jury verdict may not be set aside unless clearly wrong, and it is sufficient if there is any evidence presented to the jury from which it could find for the successful party. *Youngs v. Potter, supra*.

We consider next the plaintiff's claim that the court erred in refusing to give her requested instruction on sudden emergency. In order to establish as error the trial court's refusal to give a requested instruction, an appellant is under a threefold burden to show that he or she was prejudiced by the court's refusal, that the tendered instruction is a correct statement of the law, and that the instruction is applicable to the evidence in the case. *Chadron Energy Corp. v. First Nat. Bank*, 236 Neb. 173, 459 N.W.2d 718 (1990).

In the past, this court has held that where evidence is presented which could, if accepted by the jury, give rise to application of the sudden emergency rule, an instruction on that rule is proper. See *Bedke v. Kucera*, 200 Neb. 380, 263 N.W.2d 830 (1978).

The sudden emergency doctrine may be invoked where (1) there exists a sudden emergency not of the actor's own making, (2) alternative courses of action from which to choose are present, and (3) there is a need for instant decision. *Maloney v. Kaminski*, 220 Neb. 55, 368 N.W.2d 447 (1985).

The trial court found in this instance that it was not clear from the evidence presented that there was a sudden emergency.

However, we need not pursue that point. NJI2d 3.09 recommends no instruction on sudden emergency should be given. The comments to NJI2d 3.09 suggest that such an instruction is nothing more than a specific statement of the general rule that the standard of care is that care a reasonably

careful person would exercise under similar circumstances. Those comments go on to explain that under such a general instruction relating to the standard of care, the circumstance of an emergency may be argued to the jury regardless of whether a specific instruction on sudden emergency is given.

The problem with giving the sudden emergency instruction is that it singles out one aspect of the general standard of care and may give it, the doctrine of sudden emergency, undue emphasis and may unduly emphasize one party's argument regarding a certain part of the standard of care.

The jury was instructed that negligence is doing something which an ordinary, prudent person would not have done *under similar circumstances*, or failing to do something which an ordinary, prudent person would have done *under similar circumstances*, and that drivers are negligent if they do something a reasonably careful driver *in the same situation* would not have done or fail to do something a reasonably careful driver *in the same situation* would have done. All the jury instructions given must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating a reversal. *Lantis v. City of Omaha*, 237 Neb. 670, 467 N.W.2d 649 (1991).

The jury instructions as a whole discussed the standard of care and were not misleading. The plaintiff was free to argue to the jury that an emergency situation existed which allowed the jury to assess plaintiff's actions according to what the reasonably prudent person would have done under similar circumstances.

The giving of an independent sudden emergency instruction is not warranted in a negligence action, and to the extent that *Bedke v. Kucera, supra*, holds to the contrary, it is overruled.

The judgment of the district court was correct and is affirmed.

AFFIRMED.