**TEXAS ELECTRIC COOPERATIVE**
and Stephen Paul Bumstead,
Appellants,

v.

Mary R. DILLARD, Individually and as Community Survivor of the Estate of Kenneth Lewis Dillard, Deceased, and Mary R. Dillard, a/n/f for Kimberly Dillard, a Minor, Appellees.

No. 12–01–00258–CV.

Court of Appeals of Texas,
Tyler.

April 16, 2003.

Rehearing Overruled May 30, 2003.

D. Bradley Dickinson, Michael V. Winchester, Michael V. Winchester & Associates, P.C., Plano, for appellants.

Glenn A. Sodd, R. Matt Dawson, Dawson & Sodd, P.C., Corsicana, for appellees.

Panel consisted of WORTHEN, C.J. and GRIFFITH, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Texas Electric Cooperative ("TEC") and Stephen Paul Bumstead ("Bumstead") appeal the trial court's judgment entered following a jury verdict in favor of Mary R. Dillard, Individually and as Community Survivor of the Estate of Kenneth Lewis Dillard, Deceased, and Mary R. Dillard, a/n/f for Kimberly Dillard, a minor ("Dillard"). TEC raises four issues on appeal. We reverse and remand for a new trial.

### BACKGROUND

On May 27, 1996, Bumstead was driving a TEC truck loaded with utility poles from Jasper to Muenster, Texas. At approximately 10:00 p.m., while traveling westbound on U.S. Highway 175 ("US–175") between Cuney, Texas and the Neches River bridge (the "bridge"), Bumstead hit one of approximately nine black cows wandering about on the highway. Only minutes later, Mae Joyce Brown ("Brown"), who was driving eastbound on US–175, crossed the bridge and immediately encountered the cow's carcass. Brown's vehicle collided with the carcass, was vaulted through the air and struck the Dillard pickup truck, which was traveling westbound on US–175. Kenneth Dillard, who was an occupant in the pickup truck, was killed as a result of the collision with Brown's vehicle. The Dillards filed suit against TEC and Bumstead alleging that Bumstead's negligence was the cause of Kenneth Dillard's death. TEC and Bumstead answered the suit and pleaded the affirmative defenses of sole proximate cause and unavoidable accident. The matter proceeded to jury trial. During the charge conference, TEC requested that the trial court include instructions on both

sole proximate cause and unavoidable accident as part of its negligence question. The trial court submitted the unavoidable accident instruction, but refused to submit the sole proximate cause instruction. Ultimately, the jury found that Bumstead's negligence led to the death of Kenneth Dillard.[1] The trial court entered judgment against TEC and this appeal followed.

### SOLE PROXIMATE CAUSE INSTRUCTION

■ In its first issue, TEC alleges that the trial court erred in refusing to submit an instruction on sole proximate cause in the court's charge. The standard of review for error in a court's charge is abuse of discretion. *Texas Dep't of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ In its charge, the trial court must submit all questions, instructions and definitions raised by the pleadings and evidence. *See Hyundai Motor Company v. Rodriguez*, 995 S.W.2d 661, 663 (Tex.1999). If the evidence supports a requested instruction, and the instruction has been raised properly by the pleadings, the trial judge has a duty to submit the instruction. *Charter Oak Fire Ins. Co. v. Taylor*, 658 S.W.2d 227, 229 (Tex.App.Houston [1st Dist.] 1983, no writ).

TEC specifically pleaded that the cattle owner's failure to keep the cows off the highway was the sole proximate cause of Kenneth Dillard's death. Moreover, during the charge conference, TEC requested an instruction stating that "there may be more than one proximate cause of an event, but if an act or an omission of any

---

1. Specifically, the jury found that the negligence "of Texas Electric Cooperative, Inc.

[a]nd/or their employees" proximately caused the occurrence in question.

person not a party to the suit was the 'sole proximate cause' of an occurrence, then no act or omission of any other person could have been a proximate cause." The trial judge refused to submit TEC's proposed instruction.

 In order for a party to prove negligence, the evidence must demonstrate (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from the breach. *See Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 663 (Tex.1999) (Baker, J. concurring); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). Proximate cause requires proof of both cause in fact and foreseeability. *See City of Gladewater v. Pike*, 727 S.W.2d 514, 517 (Tex.1987). The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about an injury, without which the harm would not have occurred. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). Foreseeability requires that a person of ordinary intelligence should have anticipated the danger caused by the negligent act or omission. *Id.* at 478. However, it is a complete defense to a negligence suit that the conduct of a third party was the sole proximate cause of an injury, regardless of whether the third party was negligent. *See Huckaby v. A.G. Perry and Son, Inc.*, 20 S.W.3d 194, 207 (Tex. App.-Texarkana 2000, no pet.) (citing *Rodriguez v. Moerbe*, 963 S.W.2d 808, 820–21 (Tex.App.San Antonio 1999, pet. denied)).

 TEC contends that there was evidence in the record to support its requested instruction on sole proximate cause. The record reflects that Department of Public Safety ("DPS") Trooper Jim Cleland, who investigated the collision, stated that the cause of the accident leading to Kenneth Dillard's death was the cow in the road. The record further indicates that an investigation continued for months to determine who owned the small herd of cattle which had wandered onto the road that night. Roland Brown ("Brown"), an attorney for Dillard, testified that a very thorough investigation had been made to try to find the owner of the cows because the question of how they came to wander onto the highway could prove to be a pertinent consideration for the jury. Brown further testified that the cows had generic identification tags and that the matter had been investigated so thoroughly as to exhume one of the cows to check its tag. The DPS and the Southwestern Cattle Raiser's Association also took part in attempting to determine who owned the cows in question.

Richard Turner, chairman of the National Academy for Professional Driving, testified that a cow standing in the road is a hazard to the traveling public. Richard Fulton ("Fulton"), the DPS trooper investigating Bumstead's collision with the cow, testified that a dark-colored animal would be very difficult for a driver to see at night. Fulton further testified that it was his understanding that Bumstead did not have time to take evasive action when he saw the cows in the roadway. As such, we conclude that there was more than a scintilla of evidence supporting the issue of sole proximate cause.

 However, Dillard argues that even if there was sufficient evidence to support the sole proximate cause instruction, such an instruction was unnecessary because the court submitted an unavoidable accident instruction. An unavoidable accident is an event not proximately caused by the negligence of any party to it. *Reinhart v. Young*, 906 S.W.2d 471, 472 (Tex.1995). The Texas Supreme Court has further explained that an unavoidable accident instruction is proper only when there is evidence that the event was proximately

caused by a non-human condition and not by the negligence of any party to the event. *See Hill v. Winn Dixie Texas, Inc.,* 849 S.W.2d 802, 803 (Tex.1993).

Here, Dillard contends that the cows were a condition, reasoning that because the jury answered "yes" to the question of whether Bumstead was negligent, it must have determined that the situation did not amount to an unavoidable accident. However, it is also reasonable that the jury could have determined that human conduct other than that of Bumstead triggered the series of events that ultimately caused Kenneth Dillard's death. Indeed, from the evidence presented to it, the jury could have determined that the owner who placed the tags in the ears of the cows could have been, by permitting the cows to wander onto the highway, the sole proximate cause of the death of Kenneth Dillard.

TEC was entitled to have the jury consider whether the actions of the unidentified owner set in motion the sequence of events leading to the death of Kenneth Dillard. It is good practice to explain to the jury each litigant's theory of the case and then let the jury choose which theory to accept. *See Perez v. Weingarten Realty Investors,* 881 S.W.2d 490, 498 (Tex.App. San Antonio, pet. denied) (Peeples, J., concurring). A sole proximate cause instruction would have permitted the jury in the instant case to fully consider the matter in making its determination. As such, we hold that the trial court erred by refusing to submit the sole proximate cause instruction requested by TEC.

### HARM ANALYSIS

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of probably caused the rendition of an improper judgment. TEX.R.APP. P. 44(a)(1); *see also Quantum Chemical Corp. v. Toennies,* 47 S.W.3d 473, 480 (Tex.2001). To determine whether the instruction probably caused the rendition of an improper judgment, we examine the entire record. *Id.*

pleading and presenting evidence that an unidentified rancher allowed his cows to wander onto US–175 on the night in question, TEC could have reasonably argued that the rancher's conduct set off the chain of events which ultimately caused the death of Kenneth Dillard. However, absent a sole proximate cause instruction in the charge, the first human conduct in the causal chain that the jury was permitted to consider was that of Bumstead. Thus, if the jury concluded that it was human conduct that ultimately caused Kenneth Dillard's death, then it had no alternative but to find that causal chain began with Bumstead's actions. On the other hand, had the jury been given a sole proximate cause instruction, it could have considered the potential ramifications of the unidentified owner's conduct as well.

The Texas Supreme Court considered a similar circumstance involving sole proximate cause in *Bel–Ton Elec. Serv., Inc. v. Pickle,* 915 S.W.2d 480 (Tex.1996). In *Pickle,* Bel–Ton Electric, Inc., whom the jury found to be negligent, was not permitted to have its sole proximate cause issue included in the court's charge despite the fact that Bel–Ton had presented evidence at trial raising the issue of sole proximate cause. *Id.* 480–81. The supreme court determined that such an issue was critical to Bel–Ton's defense and that the trial court's refusal to submit the sole proximate cause instruction was reversible error. Likewise, we hold that the sole proximate cause issue was critical to TEC's defense in the instant case and that the

trial court's refusal to submit such an instruction was reversible error. TEC's first issue is sustained.[2]

### CONCLUSION

Having held that the trial court committed reversible error by refusing to submit an instruction related to sole proximate cause as requested, we *reverse* the judgment of the trial court and *remand* the cause for a new trial.

**2.** As our holding related to TEC's first issue is dispositive of the case as a whole, we do not reach TEC's remaining issues.